THIS was an action of debt brought by Moore against Gorin upon an appeal bond, executed by him as security, on an appeal to this court, prayed by John and Franklin Gorin, from a judgment against them in «the Barren circuit court in favour of Moore. The condition of the bond is, «that the said John and Franklin Gorin, shall prosecute the said appeal with effect, or on their failure to do so, shall pay to the said Moore, the amount of the judgment aforesaid, and all damages and costs which may be Adjudged against them in consequence of said appeal j” and a breach of the condition is assigned, in the failure to prosecute the appeal with effect, or to pay the amount of the-judgment and the costs and/lamages adjudged against them in consequence of the appeal.
An appeal bond conditioned for “ prosecuting the appeal with effect, or on failure to do so, to pay the amount of a judgment and all damages and costs,” is not against law, and is, therefore, obligatory on both principals and securities.
Gorin pleaded conditions performed, upon which issue was joined. He also demurred to the declaration, and the circuit court on the demurrer, gave judgment for him, to which Moore prosecutes this writ of error.
There is no objection taken to the manner of setting forth the bond and its condition, or of assigning the breach: Rut it is contended, that the condition of the bond is broader and more extensive than is required by law, and the bond being a statutory one, it is therefore inferred that it is void. Were the. premises of the argument admitted to be. true, we are not prepared, to say, that the conclusion would be correct. There is certainly no statutory provision, declaring a .bond with such a condition, void, and we. confess that we do not distinctly perceive the principle of the common law which would make it so ; but we.do not think it necessary to enter into a discussion of this point, for we cannot admit that the condition of the bond is more extensive, than a fair exnosition of the law will justify.
2. The act establishing the court of appeals, provides, that “ the person appealing, shall, by himself, or a responsible person on his behalf, in the office of the clerk of the court from whence the appeal is prayed, give bond and sufficient security, to be approved of by thecourt and within a time tobe fixed by the court, to the annellee, far the clue vrosemiion of the aweal” *
This provision is certainly not as explicit as it might have been. . It is indeed obvious, that it was the intention of the legislature not to prescribe the precise condition of the bond, but merely to declare the general object or purpose for which it was to be given. But even considered in that point of view, the provision must be conceded not to he very happily expressed; for, according to its literal import, it would seem that the bond was only to bind the appellant to a due prosecution of the appeal, and that if that was done, whether he failed in reversing the judgment or not, the bond would be complied with and the securities be discharged. But the due prosecution of the appeal, evidently could be of no advantage to the. appellee, and a bond to secure that object only, without regard to some ulterior responsibility, would rather be a prejudice than a benefit to him. Such a bond, therefore, *188 though it might be a compliance with the letter of the ac-t, would, most'obviously, not comport with its intention. For, as the act requires the bond to be given to the appellee, and to be given with sufficient security, it must have been the intention of the act, to secure to him some benefit ; and to attain that object, it is allowable, according to the principles of rational interpretation, to deviate from the literal import of the act. Whether, however, the bond should be given as tiie one in this case was, to secure to the appellee the amount of the judgment from which the appeal is prayed, as well as thecosts'and damages occasioned by the appeal, or to secure to him the latter only, would sjtill admit of a question, but it is one which we consider as conclusively settled. The practice, from the first jiqssage of the act establishing the court of appeals, has been,'to take appeal bonds to secure the appellee in the amount of the original judgment, as well as the costs and damages awarded by the appellate court. The same practice has prevailed in taking bonds upon writs of error, operating as a supersedeas, and the act requires in that, case, the bond" to be given in the same manner, and under the like penalty, as is directed in the case of appeals This practice, which has now prevailed for more than thirty years, ought, we think, to be sufficient of itself, to settle the question. Bui it does not depend upon that alone; for the legislature has repeatedly acted upon the subject, and has by sundry provisions recognized and sanctioned the prevailing practice. As early as 1-800, by the ninth s -ction of the act to amend the law of proceedings in civil cases, the legislature provided, that ‘‘ in all bonds hereafter given on appeals arid writs' of error, wne're the judgment of the inferior court shall be affirmed in part, or in whole, the judgment shall be given against the securities iri said appeal or supersedeas bond, as well as against the principal, and execution shalf issue accordingly.” The constitutionality of this pro vision, so far as it subjects the securities in such cases, to judgment and execution, without a previous trial, has been questioned; But that point is not material, and need not be now decided; for although it were admitted to he in that respect unconstitutional, still it would amount to a legislative declaration, that the securities in'aprieál and supersedeas bond's, were liable *189 to the same extent as the principals, and of course their bonds should be so framed as to bind them to that extent. That it was the intention of the legislature that such bonds should be so framed in general, is also to be inferred from an exception made in favor of executors and administrators, in tile 2ád sec, of an act of 1812 — 1 Dig. Stat. Laws,, 537.' By that sec. it is provided, that any bond, hereafter executed by an executor or administrator, 1o make a writ of error operate as a supersedeas, or upon an appeal, shall not make the executor or administrator liable out of his own estate, any farther than for costs, upon a deficiency of assets, and the officer taking any such bond, shall prepare the same accordingly.”
Although the act constituting the court of appeals, does not sufficiently define the condi tionof' an’ appeal bond; yet reason and a practice of thirty years; sane- - tioned several times indirectly by the legislature, require that all appeal bonds sfiouldcontain substantia!!^, such conditions as above.
*189 The same legislative intention is still further manifested by another act of 1812 — 1 Dig. Stat. Law, 368, by which a person intending to apply for an order for a writ of error, to operate as a supersedeas, is authorised to give the bond in the clerk’s office of the inferior court. In that act, the form of the bond and condiTion is' given, which in substance, agrees with what had been, arid still is, the practice of the clerk of this court to pursue, in taking such bonds.
All these various acts having been made in pari ma. teria, must be taken together, and construed in connexion with the original act establishing the court of appeals; and when thus taken and construed, we cannot conceive that there can be á reasonable doubt that they would justify a bond in" the cáse of an appeal or supersedeas, with a condition as broad and extensive as the one in question in this case.
The judgment must be reversed with costs, and the cause remanded for a trial of the issue joined.

1 nig. 381,