Judge Owsley
delivered the Opinion of the Court.
Collins brought an action at law against Forquar, and recovered judgment for six hundred and forty-nine dollars and thirteen cents, with interest thereon at the rate of six per centum per annum, from the 15th day of July 1819, until paid, and cost.
Forquar appealed, and together with John T. Gray, his surety, executed an appeal bond, conditioned duly and faithfully to prosecute the appeal.
Collins afterwards brought suit upon the appeal bond, against Forquar and Gray, and the parties, having made up an issue involving the question, whether or not the condition of the bond had been broken by mutual agreement, submitted tile decision of the law and fact to the court,
The court was of opinion that the condition was broken, and rendered judgment in favor of Collins, From that judgment, Forquar and Gray base appealed.
From the facts agreed, it appears that recently after the appeal bond was executed by Forquar and Gray, a transcript of the record was obtained and lodged with the clerk of the Court of Appeals, before the first of the next term of the court after the judgment appealed from was rendered, and that the judgment was afterwards, by the Court of Appeals, affirmed with costs and damages.—The question now to be decided is, was the court below correct in adjudging upon the facts agreed, the condition of the appeal bond had not been performed?
The condition of the bond, though not precisely in the words of the act of Assembly, which requires appeal bonds to be given, undoubtedly can not, upon any fair rule of interpretation, be construed otherwise than according to the plain and obvious meaning of the words of the act. The act requires *448 a bond to be given by. the appellant, conditioned? the due prosecution of the appeal; and the condition of the bond given by Forquar and his surety, Gray, is, that the appellant Forquar, shall duly and faithfully prosecute the appeal.
—Hence the obligors in such a bond are understood to intend to be bound according to the statute.
An appeal bond according to statute, binds the obligors for the amount of the judgment, damages, and costs, if the judgment be affirmed.
Understanding the condition of the bond, therefore, to contain nothing, in substance, variant from the condition which is required by the act, we must take it for granted, in giving a construction to the condition of the bond, that Forquar and Gray intended employing the. words contained in that condition, to put themselves under the same obligation that was designed by the makers of the act, to impose upon appellants and their sureties, by a bond conditioned as required by the act. When about entering into the bond, Forquar and Gray must be. presumed to have known the nature and extent of the obligation which they were required, by the act of the Legislature, to execute; and having, in the condition of that bond, used language substantially like that employed in the act, we must, of course; infer that they designed to bind themselves to the extent required by the act
To what extent then, does the act require an appellant to be bound by the execution of an appeal bond? This question came before this court in the case of Moore against Gorin, 2 Litt. 186, and was then decided, it was in that case held; that by requiring a bond conditioned for the due prosecution of the appeal, it was intended to impose upon the persons giving the bond, a liability for the amount of the judgment appealed from, together with damages and cost, in case the judgment should be affirmed by the appellate court. It is true, in that case, the bond which had been given, contained an express stipulation to pay, &c. in case the judgment was affirmed; but in discussing the goodness of the condition of the bond in that case, it was decided to be conformable to the intention of the Legislature, in requiring the bond to be given.
Understanding, therefore, the expressions, due. prosecution of the appeal used in the act to imply *449 what they have been decided to mean, and understanding the like expressions contained in the condition, to have been used in the same sense by Forquar and Gray, it follows that the court below was correct in adjudging upon the facts agreed, that the condition of the bond was broken; and of course, that court was correct in rendering judgment in favor of Collins, on the appeal bond.
Judgment and decree.
Denny, Attorney General, for appellant; Bibb for appellee.
The judgment must be affirmed, with costs and damages.