Judge Underwood,
delivered the opinion of the Court.
• Park brought an action of debt in the court below, upon an injunction bond against Harrison. The declaration claimed the penalty of the bond, viz: $1300, and alleged damages for the non-payment of the penalty to $200. The condition of the bond was in substance, to prosecute the injunction with effect, or to pay and satisfy Park, the sum of $450, and also $280 79 cents, with interest from December 20, 1821,' until paid; and also, all damages, costs and charges which might be awarded or adjudged to said Park, in case the injunction was dissolved, dismissed,- 'or the complainant in the bill cast therein. The declaration avers that the injunction was not prosecuted with effect, but that the same, at the July term,- 1826, of the Christian circuit court, was dissolved; that the court then and there awarded to Park, ten per centum damages, on the amount of the judgment at law, and his’costs expended in defending the suit in chancery.The damages are aveired to bé $150, and the costs *171 $30. Breaches are then assigned in the non-payment of the sums mentioned in the condition of the injunction bond, and in the non-payment of the damages and costs awarded as aforesaid: inconsequence of which, the declaration alleges a right of action accrued to Park, to have and demand of Harrison the said sum of $1300, the amount of the penalty. The declaration then concludes in the usual form, avering the non payment of said $1,300, to the plaintiff’s damage $200.
Hefendant’s pea"
riaiutiff’s ev lde“oe and !l3ted by hit Counsel,
Instructions asked by the e en an ”
Verdict for t¡^nfór’n™^." trial, amt overruled,
Harrison plead that he had well and truly kept and performed the conditions of the injunction bond; on which plea issue was made up.
On the trial, Park by his counsel, read the declaration and injunction bond to the jury, and then moved the court to instruct the jury upon that evidence, (which was all that was given on the trial of the cause,) that in the absence of ail proof in support of the plea, they should find for the plaintiff, the debt in the declaration mentioned, to be discharged by the payment of $450 and $250 79 cents, and interest thereon, and ten per centum damages on the principal.
The court gave the instruction, to which Harrison excepted. After this Harrison’s counsel asked and demanded leave of the court to address the jury, as to the nature and extent of the verdict they should find; which being refused, an exception was filed to the opinion of the court. After the plaintiff had concluded his evidence, the defendant’s counsel moved the court to instruct the jury as in case of a nonsuit.
The court refused to give the instruction asked for, to which the defendant excepted. The defendant then moved the court to instruct the jury that, if they believed the evidence, they could not find higher or more damages than $200, that sum being the amount laid in the writ and declaration. The court refused to give this instruction, to which the defendant also excepted.
The jury found for the plaintiff the debt in the declaration mentioned, to be discharged by the payment of $1036 92 cents, in damages, and the court rendered judgment accordingly. A new trial was moved for, and the causes assigned for it, were the errors committed by the court, and the want of evidence to jus *172 tify the verdict. The court overruled the motion for a new trial, to which the defendant likewise excepted. The assignment of errors in this court, questions the correctness of the several opinions given by the inferior court, in the progress of the cause, and in overruling the motion for a new trial. The sufficiency' of the declaration is also questioned.
Declaration sufficient.
To a recovery in action on an injunction bond, it is essentia) to shew the injunction has boon dissolved- A plea of conditions performed, admits all the facts that aro well alleged, and assumes the proof of performance.
The declaration, we are of opinion, contains a good cause of action. The extent of recovery upon it will be considered in adjudicating upon the other errors assigned, which will be taken up i.n the order stated.
First: The legality of the instruction given by the court, on the application of the counsel for the plain-, tiff, will turn on the extent and nature of the evidence before the jury. The plaintiff’s right to recover upon the bond, was conditional. It depended upon the fact, whether theinjunction granted, was or was not dissolved at the institution of the suit. If then dissolved, the plaintiff had a right of action on the bond. It was indispensable that this fact should have been established on the tria!. It was not established by reading in evidence, the decree of the court dissolving the injunction. Was it established in any other way? We think it was. The declaration, in appropriate language, averred its existence. It was not denied by-plea. On the contrary, the defendant plead that he had performed the conditions of the bond. He had nothing to perform in regard to these conditions until the injunction was dissolved. The plea, therefore, must be regarded as an admission that the event had happened upon which the liability of the defendant accrued, and that he, thereupon, took upon himself the burden of proof to show that he had discharged himself from, liability, by performing the conditions of his bond. . These conditions shpw that on the dissolution of the injunction, the defendant was liable to pay §730 79- cents, with interest from, the 20th December, 1821, and all damages and costs awarded by the court, against the complainant in the bill of injunction, upon the dissolution thereof. The declaration was, that the court awarded ten per cent, damages. This is not denied by the pleading, and in addition thereto, the jaw gives ten per cent, damages on the dissolution oj *173 the injunction, on the amount enjoined. One of the stipulations in the condition of the bond, is to pay the amount of the damages which may be awarded. Considering, therefore, the evidence furnished by the iajuncfion bond, and the facts which ought to be taken as admitted under the state of the pleading, we think the instruction given by the court substantially correct.
When there is an express stipulation in an injunction bond to pay damages, the security is responsible, notwithstand ing tbe silence ol the acts of 1796, 1798: a proper construction of those acts render securities liable, as far as the principal may be.
When thenature and ex-arede*' termined by tbe instrucj^tb/lourt jt is not°error to refuse to gainst whom the opinions have been rendered, to address the >ry-
*173 It has been urged in argument, that there is no law rendering a security in an injunction bond responsible for ten percent, damages on the dissolution of the injunction, and as the appellant was sued in that character, judgment for such damages, could not legally have been rendered against him. We are not willing to concede the correctness of the position assumed. On the contrary, we conceive that a proper construction of the acts of 1796 and 1798, on the subject, could render the security liable for all sums his principal may be bound to pay, in consequence of the injunction; but whether this be so or not, in this case, the appellant has expressly agreed to pay the damages, and we know of no principle of law which renders this agreement invalid, or which requires us to refuse to enforce it. The cases of Moore vs. Gorin, 2 Litt. 186, and Stevenson vs. Miller, 2 Litt. 306, are strong authorities against the validity of the argument made to exonerate the appellant from the payment of the damages, because the statutes requiring injunction bonds may not have said expressly, that one condition of such bonds shall be to pay the damages. These authorities are conclusive in all cases where there is an express stipulation to pay the damages.
Second: The second error assigned, questions the propriety of the decision of the court, in refusing to permit the counsel for the defendant to address the jury on the nature and extent of the verdict they should find. We see no error in this. The court, by the instruction given, had fixed the nature and extent of the verdict, and there was nothing to discuss, unless the counsel intended to assail the instruction given, and thereby appeal to the jury as a revising tribunal, to correct the errors of the court in deciding ’the law. In civil cases no attorney ought to desire to proceed in *174 such a manner, and if he did,no court should tolerate it. Such a practice would lead to confusion and error and often to manifest injustice. Where there are a multitude of facts in a cause, requiring explanation; where the evidence is contradictory, and where, as in cases of tort, the jury may give damages according to their sound discretion, we are willing to concede that an attorney, in behalf of bis client, may demand, as a right, the privilege to address the jury; but even in these cases, he ought not to be permitted to assail the instructions of the court on matters of law. A different rule ought to prevail in cases of contract, where the facts are clear, and all on one side. Our courts of justice would progress but slowly with business if they were compelled to hear long speeches from the bar, in every action of debt, and petition and summons. But even if the inferior court erred in refusing to Jet the attorney speak, yet if the cause has been decided correctly, we will not reverse it, merely to give an opportunity to make a speech.
Difference between the rule in actions of tort and of contract.
Distinction between debt upon a bond with conditions, and covenant. Plaintiff no right to recover more than he claims. The damages laid in an action of debt, are to cover the injury resultine: from detention; f:ho’ in thi» case, the re-,et it is compounded of . ^ma^s^nd do™ notexceed the deiyap3).but liaat3 lt-
*174 Third: The view of the case already taken,is sufficient to show that the court did not err in overruling the motion to instruct as in case of a nonsuit.
Fourth: The fourth error assigned questions the propriety of the opinion of the court, in refusing to instruct the jury, that if they believed the evidence, they could not find higher damages than $200. This instruction was not asked, because the evidence proved that the plaintiff was not, in justice, entitled to a larger sum, but because no greater damages were laid in the declaration. It is a well settled rule, and perhaps without exception, that a plaintiff at law cannot recover more than he claims, and had this been an action of covenant, or any other discription of action, where the recovery sounded in damages exclusively, we should not hesitate to decide, that the court erred in refusing the instructions; the authority of Bealler’s administrator vs. Schoals executor, 1 Marshall, 477, and many other adjudications of this court, which might be referred to, are conclusive on this point. But this is an action of debt, for a specific sum, the amount of which is § 1,300, and this is the sum actually claimed, and for which the judgment has been rendered. *175 It is true, that as the record stands, (his sum is not to be collected. It is to be discharged by a lesser, which the jury have expressed in damages, as a for the greater sum recovered. Here then, the plaintiff is not permitted to recover more than he claims. In fact, he does not get as much, although he gets more than the amount of damages laid in the declaration, The damages laid in the declaration in an action of debt, do not limit the demand as in actions of cove-nan t, assumpsit, trespass, &c. The damages laid in a declaration for debt, are designed to cover the injury the plaintiff sustains, by reason of the detention of the debt, and in general, the plaintiff is only entitled to nominal damages; the detention, being compensated by the rendition of the judgment, with interest from the time the debt became due. But if the debt were contracted in a foreign country, in which case it would be erroneous to give judgment for interest in the usual form, then thejury might fiad more than nominal damages, to compensate the plaintiff for the detention of his debt. The damages so found, should not exceed those laid in the declaration. If they did, and judgment should be rendered for the debt and damages so assessed, it would be error, because in such case the plaintiff by the judgment, would recover more than he claimed. Such is not the present case. Here the damages assessed by the jury, are not recovered in addition to the debt, but are substituted for the debt itself, not enlarging but limiting the amount of the claim. Rendering judgment for the sum demanded in an action of debt, to be discharged by a lesser or other sum in damages, is an anomaly resulting from statutory innovations, upon common law principles. It seldom, if ever, occurs, except in actions of debt for penalties. At common lav/, the whole penalty was recovered, and execution issued for the whole amount. Courts of chancery first interposed to relieve the defendant at law, and to restrict the recovery to the amount of the injury actually sustained. By the statute 8 and 9, Wm. 3; Ch. 11, s 8,of which the 6th section of our act of 19th December, 1796, relative to civil proceedings, is a substantial transcript, actions of debt for penalties are so modified that the debt is commuted by the damages actually sustained. A correct exposition of thé *176 law on this head, may be found in 1 Saunders, 58, note 1 and 2; Saunders, 187, note 2. Accordingto the doctrine contained in the first note, the judgment should be for the debt and nominal damages* for which execution should issue; but to be endorsed that the damages assessed and costs only, are to be levied. In this case the judgment is for the penalty alone. There is no judgment for any amount in damages, nominal or otherwise.
Themodeof Judgment,iP approved.
Triplett, for appellant.
The entry of record, that the judgment is to be d'is-charged by the darhages assessed, is according to the practice, and we see no objection to it; see the case of Lear, &c. vs. Smith; Litt. Select Cases, 122; nor do we perceive the violation of any principle in the refusal of the court to instruct the jury to limit their finding, to the damages laid in th'e declaration, in cases like the present.
Fifth: The refusal of the court to grant anew trial* is assigned for error. The damages assessed, do not exceed those which pught to have been found under the principles laid down. On this point we find no error.
The judgment of the court below is affirmed with damages and costs.