Judge Robertson,
delivered the opinion of the Court.
A judgment in ejectment having been rendered against John Hardwick’s heirs, on the demise of John and Samuel Ashley, commissioners appointed for that purpose, valued the improvements at $>191 45 1-2 cents, for which the Asbleys refusing to execute bond, judgment was entered up against them by the court.
From this judgment they appealed, and the present-plaintiff in error, Evans, was their security in the ap *436 peal bond. The condition of the bond was for the due prosecution of the appeal, and for payment of all costs and damages which might result from an affirmance of the judgment, or a dismission of the appeal, reciting the judgment as one rendered on the award of arbitrators. The bond was made payable “to the heirs of John Hardwick."
The questions for decision.
An appeal bond, payable “to the heirs of B.” the heirs of H. embracing the husbands of his daughters, may maintain an action, jointly, in their proper names, styling themselves the heirs of H. for breach of condition of ' ^he bond.
The appeal was dismissed by the court of appeals with costs and damages. And thereupon, this suit was brought on the appeal bond, against Evans, (the security,) by several persons styling themselves the heirs of Hardwick, charging for breaches: 1st. The non-payment of the damages and costs; and, 2d. The nonpayment of the amount of the original judgment, 'which had been appealed from.
A demurrer to the 2d breach was overruled, and issues of covenants performed, and of “mil tiel record,” were made up, on which, the court having decided that there was such record as that recited, the jury found a verdict and the court rendered judgment for the aggregate of the original judgment, the costs and the damages. To reverse which, this writ af error is prosecuted.
Three questions arise out of the record. 1st. Was the proof sufficient to sustain the right of the plaintiffs below, to sue as Hardwick’s heirs? 2d. Was the decision on the plea of ilnul tiel record,” correct? 3d, Did the 2d breach authorize a recovery of the amount of the original judgment?
These questions will all be answered in the affirmative.
All the heirs of Hardwick were plaintiffs, and the husbands of his daughters were also plaintiffs; the declaration styling them the whole “heirs of John Hard-wick.” . We see no sensible objection to this. The bond is to the heirs. The suit should be brought in the name of the heirs and according to the legal construction and effect of the bond. For this purpose the children of Hardwick, and the husbands of the daughters are the heirs and the obligees. Consequently, the joinder of the husbands with their wives, and the denomination of them all as the heirs of Hardwick, were proper.
If a declaration describo a judgment as it is in appeal bond, sued on, it is sufficient,
Appeal bond, conditioned for “the due prosecution of appeal,” binds the obligors, upon breach, to pay debt, damages and costs.
Crittenden, for plaintiff; Hanson, for defendants.
The objection made to the identity of the record is, that the declaration describes it as a record of a judgment on the award of arbitrators, and that exhibited is one of ajudgment on the report of commissioners. This we consider an immaterial variance. There is enough in the record to identify the judgments proved and declared on. Besides, the judgment is described in the declaration, as it is in the appeal bond. This was proper. It could not have been otherwise. Consequently, if there had been a material variance, the defendants below could not take advantage of it, because the appeal bond would show on what case it was given.
As to the 3d and last question, the case of Moore vs. Gorin, 2 Litt. 186, seems to be decisive; The condition of the bond for which the 2d breach is assigned, is substantially that, given by the act of assembly. It was certainly the intention of the legislature to secure the debt as well as costs and damages, by requiring an appeal bond with security. Such will be the effect of such a bond, conditioned simply for “the due prosecution of the appeal.” And such is the decision in the case 2 Littell..
The judgment of the circuit court is, therefore, affirmed, with costs and damages.