## Rothchild v. Wallace, et al.

(Decided November 7, 1913).

### Appeal from Shelby Circuit Court.

1. Contracts—Action Under Section 27, Civil Code—Practice.— Where two or more persons are jointly bound by a contract, an action thereon may be brought, under section 27 of the Civil Code of Practice, against all or any of them, at the plaintiff's option.

2. Depositions—When Objection to Waived.—By not filing an exception to a deposition read upon the trial by the opposing party to the action, the objection to the deposition is waived; it cannot be first raised on appeal.

3. Executors and Administrators—Action to Sell Land of Decedent. —Where an administrator with the will annexed is made a defendant in a suit by one of the heirs against the other heirs and devisees of a decedent to sell the decedent's land for the payment of debts and to divide the net proceeds among the several heirs, and the administrator files his answer joining in the prayer for the sale, no process was necessary upon the answer and cross-petition of the administrator.

4. Wills—Parties—Bequest to Church.—Where a testatrix in a codicil expressed a desire that when her estate could afford it, $50 each year out of the rent of a specified house and lot should be paid to her church, the church was not a necessary party to an action to sell the land for the payment of the testatrix's debts, since the legacy, if payable at all, was a charge upon the rents and can be asserted against the surplus in the hands of the administrator.

P. J. BEARD for appellant.

WILLIS, TODD & BOND for appellees.

Opinion of the Court by Judge Miller—Affirming.

This appeal is prosecuted from a judgment of the Shelby Circuit Court overruling the exceptions of the purchaser, Sallie Rothchild, to the Commissioner's sale of a lot with the improvements lying on the north side

of Main street between 5th and 6th streets, in Shelby-ville.

This property belonged to Mrs. Betty V. Burnett, who died on April 6th, 1909, leaving a daughter Nelly B. Wallace, and two sons, James Caldwell Burnett, and Henry Poynter Burnett, an infant, surviving her. The daughter, Nelly B. Wallace, has two infant children, Burnett Wallace and Hart Wallace, and the son James Caldwell Burnett has two infant children, Betsey Burnett and James H. Burnett.

By her will Mrs. Betty V. Burnett directed that her estate be divided into three equal parts, one of which was to be held in trust for the use and benefit of her daughter Nelly B. Wallace, for and during her natural life, with remainder to the heirs of her body, if she has any, and if not, then to her brothers, or the heirs of their bodies.

She directed James Caldwell's portion to be held in trust until he should reach the age of 25 years, at which time the trustees were authorized to pay his share over to him, provided he was then sober and industrious.

The third portion she placed in trust for Henry Poynter Burnett upon the same trusts and limitations.

Mrs. Alice Hegan Rice held a note for about $4,000 against Mrs. Burnett's estate.

In April, 1911, this action was brought by James C. Burnett against Nelly Wallace, her husband, Henry Poynter Burnett and his guardian, the trustee, Hart Wallace as administrator with the will annexed of Mrs. Betty V. Burnett, the infant children, and Mrs. Alice Hegan Rice, praying for a settlement of the estate of Mrs. Betty V. Burnett. Among other things, the advice of the court was sought for the purpose of determining some questions involving the life insurance policies upon the life of J. C. Burnett, deceased, and to sell the Main street property, in Shelbyville, for the payment of Mrs. Rice's debt.

Mrs. Rice's note was asserted as a claim against the estate, and its correctness conceded.

On October 9, 1912, a judgment was entered ordering a sale of the Main street property to pay the debts of the testatrix, it being further adjudged that the property could not be divided without materially impairing its value, and that it was to the interest of all parties concerned that it be sold as a whole, and the proceeds divided among those entitled thereto. After the pay-

ment of the costs and expenses, and the debt of Mrs. Rice, the judgment further provided that the net proceeds should be divided equally between James C. Burnett, Nelly B. Wallace's trustee, and Henry Poynter Wallace's guardian.

At the sale the appellant Sallie Rothchild bought the Main street property for $10,500. She excepted to the sale; and the court having overruled her exceptions, she appeals.

She is willing to take and pay for the property, provided it be adjudged by this court that the title is good.

1. The first exception raises the question that the estate of J. C. Burnett was primarily liable, or at least jointly liable with Betty V. Burnett for the note due to Mrs. Rice, and that it was error to sell Mrs. Burnett's property to pay that debt. This, however, is no concern of the purchaser, and in no way affects the title which passed under the sale. None of the heirs of Mrs. Burnett raised this question; and the note showed upon its face that it was a debt of Mrs. Burnett. Furthermore, the question could not have been successfully raised, as it is expressly provided by section 27 of the Civil Code that if two or more persons be jointly bound by a contract, the action thereon may be brought against all or any of them, at the plaintiff's option.

There was no error here.

2. The second exception suggests that the depositions of A. C. Long and Hart Wallace were taken without notice. The record shows, however, that they were taken by agreement; that all the persons interested were present at the taking, or represented by counsel; that no exception was taken to the depositions, and that a guardian *ad litem* properly appointed, represented the infant defendants in every respect as is required by the Code of Practice. Any objection that might have been taken to the manner of taking the depositions was waived by a failure to file exceptions thereto. It cannot be raised for the first time, upon appeal. Civil Code, secs. 586, 587, 588.

3. It is objected that no process was issued or served upon the answer and cross-petition of Hart Wallace, administrator with the will annexed of Betty V. Burnett. We think, however, none was necessary, since Wallace set up no claim that in any way controverted the necessity of selling the property; on the contrary, he confessed all the allegations of the petition, and joined

in the prayer for the sale, because it was necessary to pay Mrs. Rice's debt, which then amounted to $4,000.

4. It is also claimed that the Shelbyville Christian Church should have been made a party, but was not. This exception is based upon a clause in the codicil, in which the testatrix expressed a desire that when her estate could afford it, fifty dollars each year out of the rent of the Main street store should be paid to the Shelbyville Christian Church. The Commissioner advertised for debts, and the church presented no claim. If payable at all, this legacy was a charge upon the rents, and it does not appear that the church is claiming anything by virtue of this clause of the codicil; but, if it is making such a claim, it can be asserted against the surplus in the hands of the administrator, and could in no way affect the sale of the property, which was necessary for the payment of debts. The court had jurisdiction to sell the property to pay the ancestor's debt, and that jurisdiction cannot be defeated by the provision for a legacy.

Judgment affirmed.