## Webb, et al. v. Webb, et al.

. (Decided February 22, 1921).

### Appeal from Letcher Circuit Court.

1. Appeal and Error—Objections to Method of Supplying Lost Record—Waiver—Failure to File Exceptions.—The regularity of the method adopted for the purpose of supplying lost papers below can not be questioned for the first time on appeal, where the parties complaining had an opportunity to except below, but failed to do so.

2. Infants—Service—Sufficiency.—Where the petition which was sworn to showed that their father was dead and that their mother was their guardian, service on the mother of a copy of a summons addressed to the mother and her infant children under fourteen years of age was sufficient under Civil Code of Practice, section 52, to bring the infants before the court, notwithstanding the fact that the officer's return did not show that the summons was served on the mother as the guardian and 'mother of the infant children, and notwithstanding the fact that a separate copy for each infant was not served on her.

3. Appeal and Error—Objections to Depositions—Infants—Waiver—Failure to File Exceptions.—An objection that depositions were taken without notice is waived by a failure to file exceptions on that ground and can not be raised for the first time on appeal, and this rule applies not only to adults, but to infants who were represented by a guardian ad litem.

4. Depositions—Manner of Taking—Interrogatories.—Civil Code of Practice, section 574, requiring depositions to be taken on interrogatories when all the parties against whom it is to be read be defendants under disability other than coverture, or infancy and coverture combined, does not apply where one of the defendants is an adult.

5. Deeds—Cancellation.—A father conveyed land to his son in consideration of support. The son died. The father brought suit against his son's widow and children to cancel the deed: Held, that as the sole object of the suit was to set aside the deed, and not to subject the son's estate to any personal liability, it was not necessary to make the son's administrator a party to the suit.

W. G. DEARING, ROBERT H. BLAIR and FRENCH HAWK for appellants.

HAYS, SALYER & BAKER, E. C. O'REAR and J. C. JONES for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the year 1892, E. T. Webb and wife conveyed to their son, J. J. Webb, a tract of land in Letcher county,

in consideration of the latter's agreement to take care of and provide for them as long as they lived. In the year 1904, J. J. Webb died, leaving a widow, Liza Webb, who afterwards married John D. Fugate, and three children, Lula Webb, Joda Milton Webb and Royn Edward Webb, all of whom were under the age of fourteen years.

On April 28, 1905, E. T. Webb brought suit against the widow and infant children of his son to set aside the deed on the ground that his son had failed to comply with his agreement to take care of him and his wife, and that, after his death, his widow and children were unable and had failed to comply with the agreement. On the day the suit was filed, a summons was issued for each of the defendants and returned by the sheriff as follows: "Executed by delivering each of the within defendants a true copy of this summons, this May 1, 1905." On August 31, 1905, R. M. Fields was appointed guardian ad litem for the infant defendants. He filed his report on September 5, 1905. Thereafter, other process was issued and served on the infants, but in view of the conclusion of the court, it is unnecessary to set out the return or to pass on its sufficiency. Proof was taken and on submission of the case there was a final judgment cancelling the deed. Thereafter, E. T. Webb sold the land to S. E. Adams, and in the month of January, 1915, the infant defendants made a motion to set aside the judgment on the ground that the guardian ad litem was appointed and filed his report before they were served with process, and that the guardian ad litem made no report after they were summoned.

Thereafter, the papers were lost and an order was entered directing the master commissioner to supply the lost papers. Later on a report was filed in the name of the master commissioner by Stephen Combs, Jr., deputy master commissioner of the Letcher circuit court, stating in substance that he had held a sitting for the purpose of supplying the papers, and that W. G. Dearing had presented to him what purported to be a true copy of the entire record which was lost, and made an affidavit that the same was a true copy of all the papers in the case, and that he found the papers so presented to be true copies of the ones lost and sought to be supplied. It was ordered that the report lie over for exceptions, and none having been filed, the report was subsequently confirmed by an order of court.

The motion to set aside the judgment was overruled and from this order, as well as from the judgment itself, the defendants, who were still infants, prosecuted this appeal.

Appellees not only moved to strike from the transcript certain portions of the record originally filed, but objected to the filing of a supplemental record, on the ground that the record which was lost was not supplied in the manner provided by law. In reply to this contention it is sufficient to say that the regularity of the method adopted for the purpose of supplying lost papers below can not be questioned for the first time on appeal, where the parties complaining had an opportunity to except below, but failed to do so.

The chief complaint of appellants is that the judgment was void because the infant defendants were not properly served with process. Section 52, Civil Code, provides: "If the defendant be under the age of fourteen years the summons must be served on his father, or, if he have no father, on his guardian; or, if he have no guardian, on his mother, or, if he have no mother, on the person having charge of him." In the case of Rodgers v. Rodgers' Adm'r, 17 R. 358, 31 S. W. 139, process was executed as follows: "Executed April 12, 1892, on Sophia Rodgers, Cathie Rodgers, Mary Rodgers, and Annie Rodgers, by giving to each of them a copy of this summons." Annie Rodgers was the mother of the infants, Sophia Rodgers, Cathie Rodgers and Mary Rodgers, and their father was dead. In holding the service good, the court said:

"Here the petition showed that the father was dead; and, while it did not show that they had no guardian, yet it showed that Annie Rodgers, who was also made a defendant by the same pleading, and summoned with them, was their mother. It is true that the return shows that a copy of this summons was unnecessarily delivered to each of the infants, and that it fails to show that the copy delivered to Annie Rodgers was delivered to her as their mother. Still, we are of the opinion that, within the reason and spirit of previous adjudications of this court, the service of the summons as shown by this return was good against these infants. Referring to the provision of the Code requiring service upon the father or other person standing in this relation to the infant, this court has said: "Undoubtedly, the object of this provision was to bring notice to one who would naturally feel enough interest in the infant to see that his rights were protected. The pur-

pose of a summons is to give notice. In the case now in hand, while the father of the infant was a party to the suit, yet the return on the summons does not show that it was served on him as the father of the infant defendants. It was executed on him as a party to the suit. But, considering the reason for the rule furnished by the Code, why was this not sufficient as to the infants?

"They, together with the father, were named in the copy of the summons that was delivered to him, as defendants. He was thereby notified that they had been sued. There was no need of delivering a second copy of the summons to him as their father. The reason for the law had been fulfilled, and its object accomplished, as fully as if he had not been a party to the action, and a summons had been delivered to him as the father of the infants." Cheatham v. Whitman, 86 Ky. 618, 6 S. W. 595. And, again, in a case involving this question, it is said, in enumerating and passing upon the grounds relied on by a purchaser for refusing to accept a title: "Fifth. Because it is not stated in the service of the summons served on the appellant, as the mother and custodian of the infant defendants, that she was their mother and custodian. The petition shows that she was their mother and custodian, and we must presume, in the absence of anything to the contrary, that the officer followed the direction of the petition as to the proper person to serve, etc. Besides, it is clear that she was the proper person to be served." Bailey v. Fanning Orphan School (Ky.), 14 S. W. 908. Within the principles laid down and clearly deducible from these cases, we are of opinion that the service of this summons on the mother of these infants, although the officer's return does not show that it was served on her as their mother, was sufficient to bring them before the court."

The process was directed against Liza Webb, Lula Webb, Joda Milton Webb and Royn Edward Webb. Here, the petition which was sworn to showed that J. J. Webb, the father of the infant defendants, was dead, and also that Liza Webb was not only their mother, but their guardian. Under these circumstances, the delivery of the copy of the summons to her was sufficient to bring the infants before the court, notwithstanding the fact that the officer's return did not show that the summons was served on her as the guardian of the infant children, and notwithstanding the fact that a separate copy for each infant was not served on her.

Another objection to the judgment below is that it was based on evidence contained in depositions taken without proper notice. The certificate of the examiner states that the depositions were taken "Pursuant to a notice hereto attached." The notice was addressed not only to all the defendants, but also to R. M. Fields, the guardian *ad litem* of the infant defendants. The papers were lost and reproduced in the manner above referred to. It is by no means probable that the notice to take depositions was not properly served. In supplying the original record, the endorsement showing the filing of the petition was overlooked, and for the same reason the endorsement on the notice to take depositions may have been overlooked. But, however this may be, it is well settled that under Civil Code Practice, sections 586-588, an objection that depositions were taken without notice is waived by a failure to file exceptions on that ground, and can not be raised for the first time on appeal, and this rule applies not only to adults, but to infants who were represented by a guardian *ad litem*. Rothchild v. Wallace, et al., 155 Ky. 676, 160 S. W. 170.

The judgment is also attacked on the ground that the depositions were not taken on interrogatories as required by section 574, Civil Code. We have often written that that section does not apply to infant defendants unless all of the defendants are infants. Here, the depositions were to be read not only against the infant defendants, but against their mother, who was an adult and a necessary party. That being true, it was not necessary to take the depositions on interrogatories. Sears v. Collie, 148 Ky. 444, 146 S. W. 1117.

Another contention is that J. J. Webb's administrator was not made a party to the suit. The purpose of the suit was not to subject J. J. Webb's estate to any personal liability. Its sole object was to set aside the deed. There is nothing in the record to show that the administrator or any creditors were interested in the question. Under these circumstances, the administrator was not a necessary party, and the fact that he was not a party in no wise prejudiced the rights of appellants.

Judgment affirmed.

Whole court sitting.