## S. L. Crook Corporation et al. v. Blackburn, Sheriff, for Use and Benefit of Stevens et al.

(Decided Oct. 15, 1935.)

C. J. WADDILL, LISANBY & LISANBY and S. D. HODGE for appellants.

C. A. PEPPER for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is an action to recover of the sureties on a supersedeas bond, executed in pursuance to section 748, Civil Code of Practice, in an action of the S. L. Crook Corporation v. Press J. Blackburn, Sheriff of Caldwell County, and R. C. Stevens. The facts antedating the institution of the present action are stated in our opinin S. L. Crook Corporation v. Blackburn, Sheriff, et al., 248 Ky. 543, 59 S. W. (2d) 1. The judgment suspended by the execution of the supersedeas bond and the super sedeas now involved was therein affirmed and our mandate accordingly issued. In this action the petition contains so much of the judgment as was appealed and superseded; the terms and conditions of the supersedeas bond; the issuance of the supersedeas; the judgment had been affirmed; and that the bond was executed by Farmer and Ordway, accepted and approved by the circuit court clerk. A copy of the bond and supersedeas were made exhibits to the petition. The facts set up in the petition are sufficient to constitute a good cause of action on a supersedeas bond. Collins v. Blackburn, 14 B. Mon. 252; Jones v. Green, 12 Bush, 127; Clifton v. Worthington, 7 Ky. Law Rep. 679; Barrett v. Barrett, 11 Ky. Law Rep. 307.

The sureties to the supersedeas bond, Farmer and Ordway, filed a special and general demurrer to the petition. As a basis of the special demurrer, it is insisted that the facts set forth in the petition do not show that Blackburn as sheriff, and Stevens, have such interest in the subject-matter as to authorize them to institute the action; that S. L. Crook is not a party; and that he is a necessary party to the action. Blackburn as sheriff, and Stevens, are the designated payees in the supersedeas bond and were privileged at their option to file this action against all or any of the parties who executed it. Section 27, Civil Code of Practice; Singer Sewing Machine Co. v. Combs, 227 Ky. 61, 11 S. W. (2d) 994; Rothchild v. Wallace, 155 Ky. 676, 160 S. W. 170.

428

The latter covenanted to pay Blackburn as sheriff, and Stevens, the sum set out in the bond, who are the real parties in interest within the purview of section 18, Civil Code of Practice. The court correctly overruled both the special and general demurrer to the petition.

The copy of the bond filed with the original petition was incorrectly dated. To correct this error, after the case was submitted for judgment, Blackburn and Stevens entered a motion to set aside the order of submission and permit them to file an amendment to the petition. The court sustained the motion and permitted the amendment, with corrected copy of the supersedeas bond and the supersedeas, to be filed. Another amendment to the petition was filed over the objections of Farmer and Ordway. Its averments were in fact nonessential.

Section 134, Civil Code of Practice, authorizes the trial court, in its discretion, "at any time, in furtherance of justice, * * * as may be proper * * * permit a pleading * * * to be amended * * * by correcting a mistake" in any respect or "by inserting other allegations; * * * or, if the amendment do not change substantially the claim or defense, by conforming the pleading * * * to the facts proved." This is the only limitation upon the discretion of the court in allowing amended pleadings. The trial court, in permitting the two amendments to the petition to be filed, did not abuse the discretion vested in it by this Code provision.

Farmer and Ordway entered a motion to require the plaintiffs to make their petition more definite and certain. The petition contained allegations conforming to the rule of pleadings in such case. And, plainly, no error was committed in overruling this motion.

The supersedeas bond contains so much of the judgment superseded as lists the numerous articles of property involved and the value of each, followed by this statement:

"It is further ordered and adjudged by the court that if the plaintiff [S. L. Crook Corporation] is unable to deliver the foregoing articles, or any of them, it will pay the defendants the value of any and all such articles not returned to the said Blackburn as said sheriff, as fixed herein and in the peti-

tion. * * * And that the defendant * * * recover of the plaintiff [S. L. Crook Corporation] his costs herein expended."

Immediately following this is the covenant of the bond, which reads:

"Now, we S. L. Crook Corporation and R. D. Farmer and T. Y. Ordway, sureties, hereby covenant with and to the Appellee, Press J. Blackburn, Sheriff, et al., that the Appellant will pay to the Appellee all costs and damages that may be adjudged against the appellant on the appeal; also, that he will satisfy and perform the said judgment [or the part above recited], appealed from it, if it should be affirmed, and any order or judgment which the Court of Appeals may render or order to be rendered by the inferior Court, not exceeding in the amount or value the original judgment; and, also, pay all rents, hire or damages to property during the pendency of the appeal of which the Appellee is kept out of possession by reason of the Appeal."

This covenant, even if it be conceded that it is broader than required by the statute, is valid and the principal and sureties are liable thereon. Moore v. Gorin, 2 Litt. 186; Fowler v. Gordon, 5 Ky. Law Rep. 332; Atkinson v. Fitzpatrick, 60 S. W. 516, 22 Ky. Law Rep. 1363; Brown v. Brown, 33 S. W. 830, 17 Ky. Law Rep. 1143; White v. White, 150 Ky. 283, 150 S. W. 388; Id., 151 Ky. 96, 151 S. W. 1; Rodman v. Moody, 14 Ky. Law Rep. 202; Johnson v. Ward, 53 S. W. 21, 21 Ky. Law Rep. 783.

Fowler v. Gordon was an action for the recovery of specific personal property and damages for its detention. A judgment was rendered for the value of the property which was superseded, but it was not in the alternative for the return of the property or its value. In an action on a supersedeas bond executed therein, we held that the tender of the plaintiff of the personal property sued for in the action in which the bond was executed, was not a good defense.

In Atkinson v. Fitzpatrick, a judgment for the recovery of personal property or its value as fixed by a judgment was affirmed by this court, and in an action on the supersedeas bond it was our opinion that the

fact the sheriff failed to take possession of the property under the execution in his hands, before he might have done so, or he neglected to levy on the property to satisfy the judgment, did not preclude the plaintiff from recovering on the supersedeas bond, in the absence of an allegation and proof that the sheriff was prevented from proceeding with the execution at the direction of the plaintiff or his attorney, and the execution lien was thereby lost.

The rule announced in those cases is conclusive in the present one. Indeed, the answer of the sureties does not state facts sufficient to constitute a defense. To allow the sureties to be discharged on the facts set forth in their answer would be, in effect, to hold that Blackburn as sheriff, and Stevens, could not elect to take the value of the property fixed in the judgment rather than the property for which the judgment was rendered.

Blackburn as sheriff, and Stevens, alleged, but failed to prove, the supersedeas judgment had not been paid.

Farmer and Ordway having admitted the execution of the bond, it was incumbent upon them to plead and prove payment. The burden was not upon Blackburn as sheriff, and Stevens, to prove that it had not been paid. Clarkson v. White, 3 B. Mon. 376; Williams v. Denny, 238 Ky. 662, 38 S. W. (2d) 668; Mattingly v. Shortell, 120 Ky. 52, 85 S. W. 215, 27 Ky. Law Rep. 426, 8 Ann. Cas. 1134.

Wherefore, the judgment is affirmed.