CASE 31—PETITION ORDINARY—FEBRUARY 27.

# Wilde & Co. vs. Haycraft, &c.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. Although the words *"any goods,"* in a guaranty, might, by themselves, unqualified by any restriction, import goods bought at any time, to any amount, yet, if the context clearly shows that the guarantor was not to be responsible for more than a given amount for any goods sold at any time or times, the guaranty will be limited to the amount for any and all goods sold on the credit of it.

2. Several signers of a contract for the payment, by each, of one hundred dollars, may be sued jointly. (*Sec.* 38, *Civil Code.*)

3. Where several are jointly suable on the same contract for separate amounts, the aggregate claimed against all determines the jurisdiction.

S. S. Bush and W. T. Samuels, for appellants.

J. W. Mathis, for appellees, cited 1 *Pars. Contr.*, p. 493; 1 *Bouv. Law Dict.*, 570.

C. G. Wintersmith, on same side, cited *Civ. Code*, secs. 37, 38; 7 *B. Mon.*, 5; 14 *B. Mon.*, 189, 193; 1 *Story's Eq.*, 32; 2 *Am. Lead. Cas.*, 77, 101, 42–3; *Story on Contr.*, sec. 873; *Parsons on Contr.*, 501, et seq.; 7 *Cranch*, 79; 2 *Peters' Cond. Rep.*, 417; 7 *Peters*, 122; 2 *Camp.*, 413; 8 *Johns.*, 119.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellants, by petition ordinary, sued the twenty-seven appellees in the circuit court on the following written guar-

anty: "The undersigned agree to become bound to *James Wild, jr.*, *& Co.*, of New York city, as the sureties of *Showers & Moore*, of Elizabethtown, Kentucky, each for the sum of one hundred dollars, for any goods they may buy of said *Wild & Co.*—the goods to be paid for at such time as may be agreed upon by said *Wild & Co.* and said *Showers & Moore*, and each of us to be bound for one hundred dollars *and no more*—it being the true intent and meaning that each incurs for himself a separate liability for one hundred dollars. April 13, 1860." Signed by all the appellees.

. The petition alleges that, on the faith of that security, the appellants, shortly after the date of the writing, sold and delivered to *Showers & Moore* goods to the amount of $2,570 14, on a credit of six, seven, and eight months, and forthwith notified the appellees thereof; that afterwards, on the same faith, they sold and delivered to the same merchants, at various times, making the entire cost $4,464 20; that Showers & Moore had paid only $1,958 61, leaving a balance still unpaid of $2,509 59, for which they hold the notes of *Showers & Moore*, at longer credits than stipulated in the first sale.

The circuit court dismissed the petition, on demurrers, specifying three causes—1st. That the contract does not import a "continuing guaranty;" 2d. That a joint suit could not be maintained; and 3d. That the admitted payment, having reduced the several liability of each guarantor below $50, the circuit court had no jurisdiction.

These grounds of demurrer will be considered in the foregoing order.

1. Although the words "*any* goods" might, by themselves, unqualified by any restriction, import goods bought at any time, to any amount, yet the context shows, quite clearly, as we think, that the whole of the guarantors were not to be responsible for more than $2,700—each for $100—for any goods sold at any time or times. And, consequently, "*any* goods" consistently import only any *kind* of goods, and not all goods which might be bought at any times and to any amount. We, therefore, construe the guaranty as limited

to $2,700 all together, for any or all sales of goods on the credit of it.

2. The joint action was brought under the supposed authority of section 38, chapter 1, title 3, of the Civil Code, in the following words: " Persons severally liable upon the same contract—including the parties to bills of exchange and promissory notes placed on the footing of bills of exchange, common orders and checks, or sureties on the same or separate instruments, may all, or any of them, or the representatives of such of them as may have died, be included in the same action, at the plaintiff's option."

In this case there is but one contract, and it is the same contract between the same parties, but several as to its obligation. And neither the language nor the presumed object of the quoted section of the Code can be constructively restricted to a several contract binding each separate obligor for the whole amount of their aggregate liabilities. The letter of the section certainly authorizes no such restriction—and the policy of avoiding a vexatious multiplicity of actions for a breach of the same contract (in this case twenty-seven actions) would apply equally to every contract made at one and the same time by the same parties severally liable upon it.

The joint action, as chosen, is, therefore, in our opinion, a proper legal remedy.

3. As, for the purpose of a joint action, a several is treated as a joint contract, we presume that it was intended to be so considered for the purpose, also, of jurisdiction; and, consequently, the whole amount claimed in the action, however distributable, should determine the question of jurisdiction. And, therefore, as the whole amount sued for in this case exceeded $100, the circuit court had jurisdiction.

Although the guaranty is limited to $2,700, yet, as a portion of that sum is yet unpaid, the demurrer ought not to have been sustained unless the petition had shown that the appellees had been released from liability for that balance by the extension of credit without their consent beyond the times specified in the contract. But the petition does not sufficiently show any such legal release; and, if the appellees

intend to rely on it, they must plead it, and have that issue litigated.

Wherefore, as we cannot adjudge any of the grounds of demurrer sufficient, the judgment sustaining it and dismissing the petition is reversed, and the cause remanded for further proceedings.