CASE 17—PETITION ORDINARY—JUNE 11.

# Bottom, &c., vs. Williamson.

### APPEAL FROM BOYLE CIRCUIT COURT.

A deputy executed bond with sureties to the sheriff, to guarantee his official fidelity, and to save the sheriff harmless from the consequences of the deputy's acts. The sheriff was subjected to liability and damages by suit and judgment against him, on account of the default of the deputy. The statute of limitations did not commence to run against the sheriff's right of action for indemnity against the deputy and his sureties in the bond, until the judgment was rendered against the sheriff, nor was the sheriff's claim barred until seven years after the rendition of the judgment against him.

J. B. & P. B. THOMPSON,                    For Appellants,
                    CITED—

*Revised Statutes*, 2 *Stanton*, 400.

3 *Bibb*, 197 ; *Lewis vs. Crockett.*

3 *B. Mon.*, 307 ; 5 *Mon.*, 94.

4 *B. Mon.*, 365 ; *Spaulding vs. Scanland.*

DURHAM, &c.,                              For Appellees.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellee, being sheriff of Boyle county, and appointing the appellant, Goodnight, his deputy, took from him a bond, with his co-appellants as his sureties, to guarantee his official fidelity, and to save the appellee "harmless from the consequences" of the deputy's acts.

The deputy having afterwards collected money on a *fi. fa.*, and failed either to pay all of it to the creditor or to return the execution within thirty days, the appellee was sued and compelled to pay damages for his

deputy's delinquency. Whereupon, he brought this action on the bond of indemnity.

More than seven years having elapsed between the deputy's default and the institution of this suit, the sureties pleaded the statute of limitations; and the circuit court adjudging that seven years had not run from the accrual of the cause of action, gave judgment against principal and sureties for the amount of the judgment against the appellee.

That judgment was right. The cause of action on the bond did not accrue before judgment against the appellee, which was necessary to fix his liability and certify to him his deputy's delinquency. How else could he certainly know, or be presumed to know, that the deputy had collected and failed to pay over money, whereby he himself as sheriff was made liable to the creditor? And before the judgment against him, how could he have shown that he had suffered any harm or ever would actually suffer any? The judgment alone was sufficient proof that he had suffered or would suffer damage; and, until after that judgment, he could not have maintained this action against the sureties; for, had he, anticipating liability, paid the creditor for the deputy, the sureties might have availably pleaded that the payment was voluntary, and he could not show that he was or ever would be compelled to pay it.

We therefore adjudge that this action against the sureties was not barred by time, and, consequently, we affirm the judgment of the circuit court.