CASE 39.—ACTION BY THEODORE RECTANUS AGAINST
JOHN McGOVERN.—December 6. 1907.

# McGovern v. Rectanus, &c.

Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

Judgment for plaintiff and defendant appeals.—Affirmed.

1. Principal and Surety—Liability of Surety—Limitations—Accrual of Right of Action.—A cause of action against a surety accrues at the same time as it does against the principal. (For cases in point, see Cent. Dig. vol. 40, Principal and Surety, sections 121, 414.)

2. Same—Computation of Period of Limitation—Pendency of Legal Proceedings—Appeal.—In an action against the sureties of a policeman for illegal arrest and assault by the policeman, brought more than seven years after the assault, an appeal in a previous action against the policeman which protracted the litigation past the seven-year period of limitation, will not stop the running of the statute of limitations in favor of the sureties.

3. Same.—Ky. St. 1903, section 2552, providing that, if judgment be rendered for the plaintiff in any case provided in the four preceding sections, and the same be afterwards reversed or arrested, or if the judgment be obstructed by appeal, supersedeas, or injunction, the time of such obstruction shall also be disallowed, does not apply where an appeal is made in an action against the principal, and so does not suspend the running of the statute of limitations in favor of the sureties.

WALLACE & MILLER and THUM & CLARK for appellant.

KOHN, BAIRD, SLOSS & KOHN for appellees.

Opinion of the Court by Wm. Rogers Clay, Commissioner—Affirming.

This is an appeal from a judgment of the Jefferson Circuit Court, Common Pleas Branch, Second Division, dismissing appellant's petition, wherein he sought to recover of appellees, sureties upon a policeman's bond the sum of five hundred dollars ($500), with interest and costs, for which amount appellant had in another action recovered judgment against the policeman himself.

The petition alleges that on June 12, 1899, Edward Powell, a police officer of the city of Louisville illegally arrested and assaulted appellant; that on August 14, 1899, he sued Powell for damages and recovered judgment on June 22, 1904, for $500, with interest from the date of the judgment and costs, and that Powell appealed from this judgment and that it was afterwards affirmed by the Court of Appeals. Appellant also alleges that appellees are the sureties on Powell's bond as such police officer.

This action was instituted on October 6, 1906, more than seven years after the alleged assault. The petition charges that this judgment was for actual damages only, but the answer pleads that, under the instructions given by the court on the trial of that action, the judgment obtained includes punitive damages and that appellees as sureties are not liable for punitive damages. The answer further pleads that appellant's cause of action is barred by the seven-years statute of limitation applicable to sureties.

Appellant, by way of reply, pleads that he was obstructed in prosecuting his action against the sureties by delays in his litigation with the principal, and by the appeal prosecuted by the principal in the original action to which the sureties were not parties.

The court below sustained a demurrer to the reply and dismissed the petition.

The two questions presented to this court are:

First. Is appellant's cause of action barred by the seven years statute of limitation?

Second. Was he obstructed in prosecuting the present action within the meaning of the statute on the subject?

Section 2551 of the Kentucky Statutes provides that the surety on any obligation other than those provided for under section 2945 and 2950, shall be discharged from liability when seven years shall elapse without suit thereon after the cause of action accrued.

The bond in this case was executed on the 13th of August, 1898, and the assault complained of took place on June 12, 1899, more than seven years before October 6th, 1906, the date of the institution of this action.

The real question then, is whether or not appellant's cause of action accrued against appellees on June 12, 1899, when the alleged assault was committed.

In Schwearman v. Commonwealth, 99 Ky., 296, and Grant County v. Lemon, 25 R. 1725, this court recog· nized the rule that the cause of action against the surety of a county clerk and treasurer of a building and loan association for a defalcation by the officer accrued when the defalcation was committed, expressly holding that as the surety may be sued jointly with the principal, the cause of action accrues against him at the same time that it accrues against the principal.

This court has also frequently sustained actions on officer's bonds for assaults, defalcations, etc., in which the sureties were sued jointly with the principals upon breach of the bond (Stevens v. Stevens, 4

T. B. M., 524; Johnson v. Williams, 111 Ky., 289; Connelly v. American Bonding & Trust Company, 113 Ky., 903; Commonwealth v. Tate, 89 Ky. 608; Blaes v. Commonwealth, 29 R. 908; Growbarger v. Fidelity & Guaranty Company, 31 R. 555).

Furthermore, the statutes giving the right of action in cases like this, expressly provide that the action may be brought against the parties to the bond either jointly or severally. (Kentucky Stats., sections 3751, 3752.)

Appellant relies upon the cases of Bottom v. Williamson, 3 Bush, 521, and Craddock v. Peyton, 114 Ky., 298, to sustain his contention that a judgment against the principal is necessary before an action can be maintained against the sureties.

In Bottom v. Williamson, supra, a deputy sheriff executed a bond to the sheriff, with surety to hold the sheriff harmless. The deputy sheriff became a defaulter, and thereafter suit was brought by the injured party against the sheriff. Judgment went against the sheriff, and he had to pay the amount of his deputy's defalcation. The court held that the sheriff's cause of action against the deputy's surety did not accrue until he—the sheriff—paid the judgment against himself, because until then he was not injured. The court did not hold that judgment against the deputy sheriff himself was necessary before his surety could be sued.

It is true that in Craddock v. Peyton, supra, this court held that the surety of a personal representative could not be sued until there had been a judgment against the administrator fixing his liability. This rule, however, has been confined to sureties upon the bonds of personal representatives, as will be seen by reference to authorities referred to in that case.

Being of the opinion, therefore, that the party for whose benefit the bond is given, may when the conditions of the bond are violated, sue both the principal and the sureties, it will necessarily follow that the cause of action against the sureties accrues at the same time as it does against the principal.

As appellant did not sue appellees until seven years had elapsed from the time that his cause of action accrued, his cause of action was barred by the statute of limitations, unless appellant's reply exhibited such a state of facts as would under section 2552 suspend the running of the statute.

That section is as follows:

"The limitations given in the next four preceding sections shall not apply to so much of the time elapsed when there was no executor, administrator or other person authorized to commence an action, nor to the six months during which an action cannot be brought against a personal representative; nor to any delay assented to by the surety, in writing. And if judgment be rendered for the plaintiff, in any case provided for in those four sections, and the same be afterwards reversed or arrested, so that the plaintiff takes nothing thereby, he may commence another action within one year thereafter. And if such surety shall abscond, conceal himself, or by removal from the State, or otherwise, obstruct or hinder his being sued, the time of such obstruction shall not be computed as part of the time of limitation in said sections allowed. And if such judgment be obstructed by appeal, supersedeas, or injunction, the time of such obstruction shall also be disallowed."

For the purpose of bringing his case within the provisions of the above section, appellant pleaded

that the sureties obstructed and hindered an action being brought against them for one year and ten months from May 25, 1904, until March 12, 1906.

This allegation is followed by the charge that appellant instituted suit against the policeman, himself, for his alleged wrong-doing, and that the policeman obstructed and hindered the trial of the action from April 5, 1900, to January 19, 1904, by securing continuances over appellant's objection; that there was a delay in disposing of the motion for a new trial without any fault on appellant's part, and that the policeman, defendant in the former action, took an appeal and got time for bill of exceptions, and that the case was decided thirty days before March 12, 1906, but because of that appeal, the present action was not instituted until October 6, 1906.

It will be seen, therefore, that the claim is not made by appellant that the sureties, personally and individually, obstructed appellant in bringing a suit against them, but that appellees obstructed appellant through the acts of their principal, with whom they sustained a privity of relation.

The construction of the words "obstruct or hinder," or of similar expressions in other statutes has frequently been before this court.

In Coleman v. Walker, 3 Met. 58, this court said:

"The words 'defeat or obstruct' as used in the act supra, signify the performance of some act on the part of the sureties which will amount to a prevention or hindrance of a suit in opposition to the will and rights of a creditor, such as he cannot with reasonable diligence overcome."

In the case of Kennedy v. Foster, 14 Bush, 479, the court used the following language:

"The acts specially designated as sufficient to deprive the surety of the right to compute the time of their continuance as part of the period of limitation, are all of them such as obstruct or hinder the institution of the suit, although the creditor may desire to sue, and hence the phrase 'or otherwise obstruct or hinder' must be construed to refer to obstructions or hindrances of a kind similar in character or having a similar effect as those specified."

In Phillips v. Shipp, 81 Ky., page 436, this court used the following language:

"This section has been construed several times by this court (Walker v. Sayres, 5 B.; Kennedy v. Foster, 14 Bush; McDonald v. Underhill, 10 Bush, and others), but in none of them has it ever been held that the obstruction resulting from persistent legal resistance to a judgment was the character of obstruction meant by the statute."

Again in the case of Reed v. Hamilton, 92 Ky., p. 619, the court said:

"The terms 'obstruct or hinder' import resistance and obstruction of rights, and unless acts complained of by a creditor are in point of fact such as would hinder or prevent him bringing suit, notwithstanding his desire to do so, they cannot properly be said to obstruct or hinder him in the meaning of the statute."

In view of the meaning invariably given to the words "obstruct or hinder," we do not think that the allegations of the appellant's reply are sufficient to show any such obstruction or hindrance upon the part of appellees as is contemplated by the statute. The mere fact that their principal used all lawful means to defend the suit against him, did not constitute any obstruction or hindrance on their part.

If appellant believed that appellees were trying to escape liability by having their principal prolong the original litigation as long as possible, he could easily have forestalled any such alleged obstruction or hindrance by suing appellees at any time.

But it is earnestly contended that the following provision from section 2552, "and if such judgment be obstructed by appeal, supersedeas or injunction, the time of such obstruction shall also be disallowed," is peculiarly applicable to this case. Appellant, however, does not show any appeal, supersedeas or injunction in any way affecting this cause of action, but claims that the words, "such judgment," in the above provision refer to a judgment against the principal, and if this be not so, the provision itself is altogether unnecessary, for the running of the statute would be suspended during such proceedings without regard to any such provision. It may be true that the provision is unnecessary, but we are inclined to the opinion that it was enacted by the Legislature out of abundant precaution rather than for the purpose claimed by appellant. Section 2552 refers expressly to the four preceding sections. These sections refer only to sureties. All five of these sections are found in chapter 80, Kentucky Statutes, headed "Limitation of Actions," and under Article VI thereof relating to sureties. We are of the opinion, therefore, that the judgment referred to in the above provision is a judgment against the surety or sureties, and that the statute does not mean that the time during which the obligee on a bond is litigating with the principal thereon shall be excluded from computation as against the surety, when the surety is suable jointly with the principal. Our conclusion is that it means that the time consumed by appeal,

supersedeas or injunction in litigation against the
surety shall not be computed as between the parties
to the litigation.   That being the case,  the appeal
taken by the policeman in the original action in no
way affected appellant's right to sue appellees.   He
could have proceeded against appellees even before
there was an appeal, or without reference  to any
appeal whatever.   Therefore, the appeal in the for-
mer action did not suspend the running of the statute
in favor of appellees.

Judgment affirmed.