CASE 8.—ACTION BY J. I. CASE THRESHING MACHINE CO.
    AGAINST M. H. CRUMP AND OTHERS.—December
    8, 1909.

## Crump v. J. I. Case Threshing Machine Co.

Appeal from Warren Circuit Court.

JOHN M. GALLOWAY, Circuit Judge.

From the judgment the defendant, M. H. Crump, appeals.—Affirmed.

1.  Guaranty——Actions—Defenses—Want of Consideration—
    Joint Guarantors.—In an action on a promissory note against
    the maker and two who joined as guarantors, want of consid-
    eration as to one of the guarantors did not affect the liability
    of the other guarantor.
2.  Bills and Notes—Consideration—As to Gurantor—Effect as to
    Maker.—That there was no consideration for a note as far
    as a grantor was concerned did not affect the liability of the
    maker.
3.  Judgment—Parties—Against One of Several Defendants—De-
    fault of Co-Defendants.—Civ. Code Prac. Sec. 366, authorizes
    a judgment in equitable actions at the first term after service
    on all defendants, as provided in section 102.   Section 373
    provides that if several defendants are summoned, judgment
    may be rendered against any of them, if plaintiff would be
    entitled to judgment against them alone.   Section 27 permits
    an action on a joint contract against all or any of the persons
    bound thereby at plaintiff's option, and provides that a judg-
    ment against one or more shall not bar proceedings against
    the others.   Section 370 permits the court in its discretion
    in an action against several defendants, to render judgment
    against one or more of them, leaving the action to proceed
    against the others if a several judgment is proper.   Plaintiff
    sued the maker and two joint guarantors on a promisory note.
    The maker and the only guarantor summoned made default,
    but the other guarantor filed an answer.   Held, that judgment
    was properly entered against the guarantor summoned, and
    the action continued as to the one not summoned, so as
    to try the issues raised by him.

±.   Guaranty—Operation  of  Contract—Default  of  Principal.—The
     guaranty  indorsed  on  the  back  of  the  last  due  of  three  notes,
     secured  by  a  chattel  mortgage,  recited  that  the  guarantor
     guaranteed  payment  of  the  note,  waived  all  rights  to  any
     mortgage  security  held  for  its  payment  until  the  mortgage
     indebtedness  was  satisfied,  and  the  chattel  mortgage  secur-
     ing  the  notes  provided  that,  if  the  maker  failed  to  pay  either
     of  the  first  two  notes  due,  the  third  note  should  immediately
     become  due  at  the  mortgagee's  option.   Held,  that  the  third
     note  became  due,  and  the  guarantor  became  liable  thereon,
     at  the  holder's  option,  when  the  maker  failed  to  pay  the
     two  notes  first  due,  though  the  third  note  was,  on  its  face
     payable  thereafter.

W. B. GAINES for appellant.

WRIGHT & McELROY for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Affirm-
ing.

The appellee, J. I. Case Threshing Machine Com-
pany, sold to W. T. Payne a threshing machine, for
a part of the purchase price of which Payne executed
and delivered to it his three promissory notes, by the
first of which he agreed and promised to pay $200
on the 1st day of September, 1907, with 6 per cent. in-
terest per annum from date until paid.  By the sec-
ond he agreed to pay $200 on the 1st day of January,
1908, with 6 per cent. interest per annum from date
until paid.  By the third he agreed and promised to
pay $250 on or before June 1, 1908, with 6 per cent.
per annum from date until paid.  To secure the pay-
ment of these notes Payne executed and delivered to
the threshing machine company a chattel mortage
upon the machine sold him, and as additional security
the appellant, M. H. Crump, by writing on the back
thereof, guaranteed the payment of all three of the
notes.  In the guaranty of the payment of the first

note D. S. Greer joined as guarantor. In the chattel mortgage executed by Payne to secure the notes herein mentioned there was a clause providing that, if any of them were not paid at maturity, the whole debt should at once become due and payable. The maker having failed to pay the first two notes, the appellee elected to consider the whole of its debt due, and brought suit against the maker and the guarantors of the three notes, and also to enforce its lien on the threshing machine, upon which it had a mortgage, as before stated. Neither Payne nor Crump made any defense to the action instituted against them, although properly brought before the court by summons. Greer filed an answer pleading no consideration for his guaranty, and making his answer a cross-petition over against Payne and Crump. This part of the procedure we need not notice further, as it is not now before us, except to say that Greer's answer presented a defense to appellee's action which was applicable to him alone, and, if true, in no wise tended to release either Payne or Crump. On the 13th day of June, 1908, the case coming on for trial, the court rendered a judgment against Payne and Crump for $650, being the aggregate of all the notes sued on, with interest at the rate of 6 per cent. per annum from December 6, 1906, until paid. It also rendered a judgment enforcing appellee's lien upon the threshing machine, and ordered it sold. As to the defendant, Greer, the case was continued for the trial of the issues raised between him and appellee, and between him and his codefendants, W. T. Payne and M. H. Crump, on the cross-petition.

Appellant, Crump complains on this appeal that the judgment against him was erroneous because his codefendant, D. S. Greer, had not been summoned.

But we are unable to agree to the soundness of this objection, as Greer filed his answer, thus entering his appearance and making it immaterial whether or not he had theretofore been summoned.   It is true that section 366 of the Civil Code of Practice only authorized a judgment in an equitable action at the first term after the summons has been served on all the defendants, as provided in section 102; but, Greer having filed his answer, thereby entering his appearance, he stands just as if he had been properly served with summons, so all the requirements of section 366 were complied with.   Section 373 provides: ''Though several defendants are summoned, judgment may be rendered against any of them, if the plaintiff would have been entitled to judgments against them in an action against them alone.''   Section 27  provides: ''If two or more persons be jointly bound by contract, the action thereon may be brought against all or any of them, at the plaintiff's option. * * * Any action or judgment against any one or more of several persons jointly bound shall not be a bar to proceedings against the others.''   Plaintiff (appellee) could have sued either Greer or Crump alone on the contract of guaranty, and, therefore, under the provisions of  section 373 of  the Civil Code of Practice, plaintiff was entitled to a judgment against any of them.    Section 370 provides: ''In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, if a several judgment be proper.''   The court correctly entered judgment against Crump, and continued the action for further proceedings as to Greer, so far as the objection that Greer was not before the court was concerned.

Appellant also contends that it was erroneous to give a judgment against him on the third note, because at the time of the institution of the action that note was not yet due. It is true that by the contract on the face of the note it was not due on the 6th day of May, 1908, when this action was instituted, and did not fall due until the 1st day of June, 1908; but upon the face of it it appeared to be one of the notes secured by chattel mortgage, and this chattel mortgage, as said before, contained a precipitation clause, by which it was provided that if any of the notes were unpaid after they fell due, the whole debt was to mature at the option of appellee. It is the contention of appellant that this guaranty was only to pay the note when due according to its face, and that it was not a part of the chattel mortgage, but an independent contract, and, therefore, he was not bound by the precipitation clause. The guaranty was indorsed upon the back of the note, and is as follows: "For value received I guarantee payment of the within note and waive presentment, demand, protest and notice of nonpayment and all defenses of want of diligence in collection and bringing suit and consent to any change of securities, and that said note may be renewed or extended from time to time, at an increased rate of interest, without notice to me, and hereby waive all rights to any mortgage security held for the payment of said note until all the indebtedness secured by such mortgage is fully paid." It seems to us that this guaranty comprehends the payment of the note at the time it was due by Payne's contract. Now it is true that if the other notes had been paid as they fell due, the third note would not have become due until June 1, 1908, and, as the suit was brought on the 6th day of May, 1908, it would

have been prematurely instituted so far as the note was concerned; but by the terms of the chattel mortgage Payne agreed that if he failed to pay the first two notes, or either of them, the third note would at once become due under the precipitation clause.   The guarantor, Crump, had notice that the notes were secured by chattel mortgage, and, as this was recorded he at least had  constructive notice of  its contents. But be this as it may, as said before, the guaranty was to pay the note under consideration if the maker, Payne, failed so to do.   Whenever Payne, the maker, made default in his contract, then the guaranty became operative.   The default of Payne took place when he failed to pay the note according to his contract and under his contract the note under consideration became due at the option of the appellee when Payne failed to pay either of the other notes.

The judgment is affirmed.