## Higgins v. Shields, et al.

(Decided December 13, 1912.)

### Appeal from Campbell Circuit Court.

1. Receivers—Management of Trust Estate.—A receiver must use ordinary care in administering his trust and is liable for rents he negligently fails to collect.
2. Receiver—Management of Trust Funds—When Chargeable With Interest.—Where he mingles the trust funds with his own or uses them personally, he may be charged with interest.
3. Receivers—When Will Not Be Allowed Compensation.—Where he is negligent or is guilty of misconduct, the court may in its discretion allow him no compensation for his services.

SAMUEL C. BAILEY for appellant.

SAMUEL E. ANDERSON and BARBOUR & BASSMAN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Mathias Higgins as receiver of the Campbell Circuit Court by an order of that court was placed in charge of certain real estate in Newport belonging to the Shields estate in January, 1904. He failed to make any report as receiver, and in February, 1911, this proceeding was instituted against him by certain of the parties in interest who charged in their petition that he had collected and had in his hands rents amounting to something over $2,500. Upon their motion he was ordered to settle his accounts, and pursuant to this order he filed a report of his accounts as receiver showing that he had collected rents to the amount of $983.90, and that there was a balance in his hands of $24.58. Numerous exceptions were filed to this report by the

parties in interest, and the court referred the case to a special commissioner to take proof and report. He reported that there was a balance in the hands of the receiver of $701.98. The receiver excepted to the report, but his exceptions were overruled by the court. The report was confirmed and judgment entered against him for the amount. He appeals.

The appeal brings up practically simply questions of fact. It involves the renting for seven years of a number of pieces of property in Newport. It was the duty of the receiver in discharging his trust to exercise such care in renting the property and collecting the rents as might reasonably be expected of an ordinarily prudent person under the circumstances. If he failed by negligence to collect rents he should have collected, he is liable therefor. It was his duty to keep an account of what he collected and what he paid out, and it was also his duty under sec. 402, Ky. St., to file a report at each regular term of the court showing what he had collected and the amount remaining in his hands. For seven years he made no report. When he came before the special commissioner he produced a book in which he testified that he had kept the account, and there was evidence tending to show that the account in this book was not kept cotemporaneously with the transactions. The book is not before us on the appeal and there is no copy of it in the transcript. We give considerable weight to the judgment of the chancellor on questions of fact, and under all the circumstances shown we do not think we should disturb his judgment. It is complained by the receiver that three small credits were not given him for which he produced receipts. On the other hand he was not charged with some rents which the plaintiffs insisted that he should be charged with. He had received from his predecessor $360 and this sum he had placed to his own personal credit in bank and appears to have used it. While the proof is not clear as to the rent money, the proof would indicate that he also used this money in his own personal matters, and did not keep it separate. He was charged no interest on the fund. He claims that he was not allowed commissions, but in view of the way he transacted the business and the fact that he was charged no interest on the fund, we do not see that he has any cause of complaint.

Interest will be allowed against a receiver where he has used the fund himself or commingled it with his own funds (23 Am. & Eng. Ency. of Law, 1100; Hinckley v. R. R. Co., 100 U. S., 153), and where he had been guilty of negligence or misconduct, the court, if the circumstances warrant it, may deny him any compensation for his services (22 Am. & Eng. Ency. of Law, 1105, and cases cited).

Judgment affirmed.