## United States Fidelity & Guaranty Company v. Shields, et al.

(Decided February 11, 1914.)

### Appeal from Campbell Circuit Court.

1. **Principal and Surety—Receivers.**—The surety in the first bond of a receiver is not entitled to have payments made by the receiver during the term of his second bond applied to the oldest items in the account, the receiver's default having in fact occurred during his first term and he having in fact paid out less during his second term than he collected during that term or should have collected.

2. **Principal and Surety—Receivers—Cause of Action Against.**—The cause of action against the surety accrues when the cause of action accrues against the principal, and in the case of a receiver the cause of action does not accrue until the receiver is ordered to pay over the money in his hands.

BRENT SPENCE for appellant.

BARBOUR & BASSMAN and SAMUEL E. ANDERSON for appellees.

Opinion of the Court by Chief Justice Hobson—
Affirming.

Mathias Higgins was appointed receiver of the Camp-
bell Circuit Court in January, 1904, and executed a bond
with the United States Fidelity and Guaranty Company
as his surety in the sum of $10,000. The bond, after set-
ting out his appointment, reads as follows:

"Now, therefore, the condition of this obligation is
such that if the said Mathias Higgins shall correctly and
faithfully discharge all the duties of receiver of the Camp-
bell Circuit Court and shall account for all monies re-
ceived and pay and deliver the same when and as ordered
by the court for one year from the 31st day of January,
A. D. 1904, then this obligation shall be void, otherwise
to be and remain in full force and effect."

In that year Higgins as receiver, under an order of
the court, took charge of certain real estate in the case
of John Shields et al. v. Henry Shields, then pending, and
as such collected from the former receiver, on March 9,
$360.50; he also collected, or should have collected, during
that year rents from the property amounting to some-
thing over $200, and paid out about $80, so that there
was a balance in his hands, or that should have been in
his hands, of $558.51. At the expiration of the year he
executed bond with the Illinois Surety Company for a
period of one year, and after the expiration of the time
for which that bond was executed he continued to act as
receiver and collect the rents of the property until he was
ordered by the court to pay over the amount in his hands
to his successor. At that time a settlement was made from
which it appeared that he owed the estate something
over $700, for which judgment was given against him, and
on appeal that judgment was affirmed by this court. (See
Higgins v. Shields, 151 Ky., 227.) This suit was brought
against the United States Fidelity and Guaranty Com-
pany to recover the money in his hands during the year
covered by the bond it executed. The circuit court sus-
tained a demurrer to the defendant's answer and gave
judgment against the defendant. It appeals.

1. The defense set out in the answer is this: After
January 31, 1905, Higgins continued to act as receiver,
collecting the rents and paying out money from time to
time; that he so paid out $1,296.99, and that these dis-
bursements should be applied as payments on the money
which first came to his hands on the ground that as be-

tween debtor and creditor, where payments are made by the debtor and no application of the money is indicated, the payment will be applied to the oldest items in the account. But it will be observed that Higgins did not pay out after January 31, 1905, more money than he received after that date; in fact, he was farther behind when he settled than he was on that date. He received the $558.51 during the term of the bond, and his default occurred during that time. His subsequently collecting other money and paying it out in no manner affected the liability of the surety which had accrued during the year covered by the bond. The rule applied between debtor and creditor in the application of payments has no application as between the sureties in different bonds; for each should answer for the default during the term of his bond. It would be unjust to the surety in the second bond to allow the payments made by the principal during that term out of money that he collected during that term to be applied to pay a default occurring during the term of the first bond. (See Crawn v. Com., 10 Am. S. Rep., 844, and notes; School District v. Hubbard, 80 Am. St. Rep., 271.)

2. The plea of the statute of limitations is unavailing. The plaintiffs had no cause of action against the receiver while he held the fund subject to the order of the court. He had never settled his accounts or made a report to the court, and until the court determined to whom the money was to be paid, no action could be brought. The seven years' statute bars an action against the surety after seven years from the time the cause of action accrued. But the statute does not begin to run until the cause of action accrues. Here the cause of action did not accrue until shortly before this action was brought. The cause of action against the surety accrues at the same time as it does against the principal. (McGovern v. Rectanus, 139 Ky., 365.)

Judgment affirmed.