## Bertram, et al. v. Wayne County, et al.

(Decided March 6, 1928.)

### Appeal from Wayne Circuit Court.

1. Bridges.—Petition by county against contractor to recover damages from falling of bridge, alleging that pier erected by defendant to support bridge was not erected on solid foundation nor with proper material, thereby causing falling of bridge and consequent damage, held to state cause of action.

2. Pleading.—Where petition is of unusual length and contains much that may be omitted with advantage, motion to strike out surplusage, and not demurrer, is proper procedure.

3. Estoppel.—County held not estopped from recovering from contractor damages caused by falling of bridge, due to his failure to properly construct pier, though fiscal court had accepted bridge after examination.

4. Bridges.—Where evidence was conflicting, it was question for jury to determine whether bridge piers erected by defendant for county had been erected in accordance with contract.

BERTRAM & BERTRAM for appellants.

J. S. SANDUSKY and J. M. KENNEDY for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

In April, 1925, the fiscal court of Wayne county entered into a contract with O. D. Bertram for the erection of two stone piers in Beaver creek as a part of the con-

templated erection of a bridge across that stream. The piers were to be erected at a cost of $600. O. B. Bertram became surety on the bond of O. D. Bertram for the faithful performance of the terms of the contract. The piers were erected, accepted by the fiscal court, and the contract price was paid. One of the piers was to be erected on a solid rock foundation in the center of the stream, and the other on a solid foundation near the bank. The bluff on the opposite side of the stream was to be used as a pier. The pier near the bank of the stream gave way, and finally it collapsed with the result that the end of the bridge fell into the stream, and, as a result of the falling of the bridge, the middle pier was also caused to collapse. The county instituted suit against the contractor and the surety on his bond for damages.

The petition is of unusual length and contains much which could have been omitted with advantage, but a careful analysis of the petition discloses allegations which were sufficient. It is alleged that the pier next the bank was to have been erected on a solid foundation, and that such was not done; that the material used in the construction of the pier was not that required by the terms of the contract in that a sufficient amount of cement was not used to fill the empty spaces between the rocks. It is further alleged that the falling of the bridge caused by the defective construction of the pier damaged the bridge $100, and that it cost $109.70 to remove the bridge from the stream after it fell. There was a further allegation that by reason of the falling of the pier a fill that had been made on the land opposite the pier was seriously damaged, and that it cost $640 to repair the fill.

The jury heard the evidence and returned a verdict for $400 as damages against both appellants by reason of the faulty construction of the piers, and $100 against the appellant, O. D. Bertram, for damages to the bridge. Numerous errors are relied on by appellants for reversal. One is that a demurrer should have been sustained to the petition; but a cause of action is alleged in the petition and a motion to strike out the surplusage was the proper method of simplifying the allegations. It is insisted that the fiscal court accepted the bridge after an examination, and therefore the county should be estopped from recovering in this action. It is true, the fiscal court accepted the bridge, but, according to the very nature of the work,

it could not know whether the pier next the bank had been erected on a solid foundation or whether a sufficient amount of cement had been used between the stones which went into its construction. It is further insisted that the instructions are erroneous in many particulars, but we have examined the instructions and find that appellants have no just reason to complain as they were exceedingly favorable to them.

The evidence was conflicting, and that made it a question for the jury to determine whether the piers had been erected in accordance with the contract. It is self-evident that they did not withstand the pressure of the water against them. They fell and caused the county considerable damage within about a year after they had been erected. On the whole case, we have concluded that the judgment entered on the verdict of the jury should not be disturbed.

Judgment affirmed.