## Singer Sewing Machine Company v. Combs et al.

(Decided December 18, 1928.)

WILSON & WILSON and BENTON, YUNGBLUT, SCOTT & BENTON for appellant.

WOOTTON & WOOTON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

On March 1, 1924, one Sidney S. Bishop entered the employ of the Singer Sewing Machine Company. In consideration of the employment, he, as principal, and J. B. Combs and H. M. Baker, as sureties, executed to the company a bond, by the terms of which they bound themselves jointly and severally in the sum of $500 that Bishop would well and truly perform his duties as such employee, and pay over to the company all rebates or other dues and account for, pay over, and deliver to the company all moneys, credits, notes, leases, accounts, receipts, books, property, and effects of any and every kind and nature whatsoever, belonging to it that might be intrusted to Bishop, or might come into his possession or under his control by virtue of his employment.

Alleging that during his employment, and while the bond was in full force and effect, Bishop collected and received divers sums of money belonging to it and aggregating the sum of $415.43, and that he had failed and refused to pay over said sums of money, although payment thereof had been demanded both of him and the sureties, J. B. Combs and H. M. Baker, the Singer Sewing Machine Company brought this action against Combs and Baker as sureties to recover the amount due. It

was also alleged in the petition that Bishop died intestate in Hazard, in Perry county, on the —— day of ——, 19—, insolvent, and that no administrator or personal representative had been appointed to administer on his estate. The defendants filed a motion to require plaintiff to make more definite and certain the allegations of the petition, and to specify the names of the different parties from whom Bishop collected the money, the amount of each collection, and the date upon which each collection was made. The motion was sustained, and the plaintiff filed a statement in compliance with the order of the court. The defendants then demurred to the petition, and the demurrer was overruled. Thereupon they filed an answer denying the allegations of the petition. Later on they asked a reconsideration of the ruling on the demurrer, and the court sustained the demurrer and dismissed the petition. Plaintiff has prayed an appeal.

Counsel for appellees insist that the demurrer was properly sustained because it did not appear from the petition that a proper affidavit supporting the claim was filed with Bishop's administrator, and that payment of the claim was demanded of him as required by sections 3870 and 3872, Kentucky Statutes. It must not be overlooked that these sections apply only in cases where the personal representative of the deceased debtor is sued, Harding v. Bullard, 172 Ky. 416, 189 S. W. 242; Tatum v. Gibbs, 41 S. W. 565, 19 Ky. Law Rep. 695; Hall v. Murphy, 214 Ky. 691, 283 S. W. 1066; and have no bearing on a case where only others jointly liable with the decedent were made parties defendant. The precise question was before the court in the case of Rogers v. Mitchell's Executor, 1 Metc. 22, and in the discussion thereof we said.

"'But as the suit was brought on a guardian's bond, not only against the executor of the guardian, but also against the sureties in the guardian's bond, the question arises, was it right upon this ground to dismiss the action, so far as relief was sought against other defendants?

"By the 39th section of the Code of Practice, the plaintiff had the option, to bring his action against all or any of the defendants. He could, therefore, have dismissed it as to part of the defendants, and have proceeded against the others alone.

And as he had this right, and the cause for dismissing it, so far as the executor was concerned, did not apply to the sureties in the bond, the court erred in dismissing the whole action, but should, after having dismissed it as against the executor, have allowed the plaintiff to proceed in it against the other defendants. If the plaintiff's action could not have been maintained against the sureties alone, then a dismissal of the whole action without prejudice would have been proper; but as his right to bring a separate action against the sureties, under the provisions of the Code of Practice, is clear and unquestionable, the judgment of the court is erroneous.''

The thirty-ninth section of the Code of Practice referred to in the above opinion is now section 27, Civil Code, and reads in part as follows: ''If two or more persons be jointly bound by contract, the action thereon may be brought against all or any (one) of them, at the plaintiff's option.''

The bond sued on in this case was the joint and several obligation of Bishop and the sureties, and under the repeated adjudications of this court the above section of the Code is applicable. Wilde v. Haycraft, 2 Duv. 309; Kentucky Live Stock Breeders' Ass'n v. Miller, 119 Ky. 393, 84 S. W. 301, 27 Ky. Law Rep. 39; Crump v. J. I. Case Threshing Machine Co., 136 Ky. 60, 123 S. W. 333; Pulaski Stave Co. v. Miller's Creek Lumber Co., 138 Ky. 372, 128 S. W. 96; Hunt v. Semonin, 79 Ky. 270; McGovern v. Rectanus, 139 Ky. 365, 105 S. W. 965, 32 Ky. Law Rep. 364, 14 L. R. A. (N. S.) 380. Manifestly, if the obligee in a bond may sue one or all of the joint obligors, there is no reason why the claim should be verified and demand made of the principal's personal representative unless such personal representative is made a party defendant.

But the contention is made that the action was properly dismissed because appellant failed to comply with the order of the court requiring the petition to be made more specific. In the first place, a dismissal on that ground was neither asked nor granted. In the next place, the information called for by the motion was furnished. If not sufficiently definite, appellant should have been given notice and an opportunity to make it so before the court was authorized to dismiss the action for a failure to comply with its order.

It follows that the court erred in sustaining the demurrer to, and dismissing, the petition.

Wherefore the appeal is granted, and the judgment is reversed, and cause remanded for proceedings consistent with this opinion.