# Bennett et al. v. County Board of Education of Harlan County.

(Decided April 19, 1938.)

J. C. BAKER and E. H. JOHNSON for appellants.

FORESTER & CARTER and E. L. MORGAN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appellants, H. H. Bennett, L. A. Bowling, and

J. W. Nolan, seek the reversal of a judgment against them, as signers of a bond executed to the Harlan County Board of Education, assuring it that the Citizens National Bank of Harlan would discharge the duties of depository of the school board according to law, and "account for and pay over all money deposited with" the bank by the treasurer of the board during the term of two years from July 1, 1930. The bond is dated December 9, 1930. The appellants were officers and directors of the bank.

The Citizens National Bank was placed in the hands of the Comptroller of the Currency and in receivership, as insolvent, on January 11, 1932. The deposits of the board of education on that day were $10,090.13. Thereafter the Harlan National Bank, under some arrangement with the Comptroller of the Currency or the receiver which is not in the record, purchased a sufficient amount of the assets to justify its payment of 50 per cent. of the deposits to the depositors, and as trustee accepted the obligation of liquidating the remaining assets and distributing the proceeds to the creditors. There was presented to the depositors what is called a "creditors' agreement," reciting that "in consideration of the execution of like agreements by certain other creditors of said suspended bank, excluding public deposits and accounts having a balance of $25.00 or less," and of the obligations assumed by the Harlan National Bank, the creditors agreed to the arrangements. See Citizens' National Bank's Trustee v. Town of Loyall, 262 Ky. 39, 88 S. W. (2d) 952.

On December 10, 1932, the appellants and three other directors of the Citizens National Bank, namely, W. E. Riley, Smith Ball, and G. G. Whitcomb, signed a writing stating the amount of the deposits of the school board in the bank when it failed and reciting that they and S. G. Aldhizer had signed the bond first described; that the board of education desired to assist in carrying out the proposed plan of liquidation by executing the creditor's agreement provided it could be done without waiving any of the board's rights under the bond; that the signers of the bond desired that the board should do so and were willing that it should without relieving them of their liability under the bond; that, therefore, the signers agreed that if the board executed the creditors' agreement, it would do so

"without any waiver of the obligations of the undersigned upon the said bond above referred to and the said undersigned agree that they shall remain obligated under said bond to said board of education as fully as if the said board had not signed said agreement with said Harlan National Bank." It was further covenanted,

"The said undersigned, therefore, hereby obligate themselves to protect the said board of education as in said bond referred to as provided if said board will execute the said agreement referred to."

A statement is made in the instrument that Aldhizer, who had signed the original bond, was not available, and therefore that the omission of his signature was waived by the other signers. The board of education accordingly executed the creditor's agreement.

It had collected $5,500 of its deposits when it filed this suit against the six named persons and the Harlan National Bank, as trustee, to recover $4,590.63 under both instruments. During the pendency of the suit, this sum was credited by three payments reducing the claim to $3,076.04, and interest.

The court, with Hon. Charles D. Grubbs presiding as special judge, sustained a special demurrer of the three defendants who had not signed the bond first described. The plaintiff then dismissed its petition against them without prejudice. The individual defendants remaining pleaded certain defenses, some of which have been abandoned. By cross-petition they sought to have the Harlan National Bank, individually and also as trustee, held solely liable to the board of education upon the ground that its deposits being public funds were excluded from and not transferred or assigned by the creditor's agreement or otherwise, and that the bank had taken over all the assets of the defunct institution and had promised to pay in full all public accounts and deposits of less than $25. It was alleged that the Harlan National Bank had in its possession for distribution more than enough cash and assets to pay the plaintiff's balance and to relieve the cross-petitioners of its payment.

The present county school superintendent, as custodian of the records of the board of education, testified that the original bond sued on, dated December 9, 1930,

was in the board's safe when he took office. He also found there a carbon copy of a similar bond for $15,000 dated September 15, 1930. The date and the names of the six sureties (being the six who signed the waiver above described) appear in original typewriting and not in carbon or ink. The former superintendent remembered very little about the bonds except that he knew the Citizens National Bank was chosen as the board's depository. He identified as genuine the signatures on the $25,000 bond. The records of the school board for 1930, which may have disclosed the proceedings as to these bonds, and perhaps the approval of one of them, could not be found. So there is an absence of evidence that the bond sued on was approved by either the county board of education or the state board of education as is required by section 4399-43, Statutes. The three defendants testified they had not signed any $25,000 bond on December 9, 1930, but they respectively admitted the signatures on the document submitted were genuine. They severally admitted that the bond for $15,000 signed by themselves and the other three men named was "attempted to be executed." It is pointed out that the $25,000 bond shows evidence that the amount and the dates were entered over erasures. Dr. Riley, one of those let out of the case, testified that he had been advised by the state superintendent of public instruction that his name was on the bond and that such instrument was sent to him for his examination. It bore the signatures of six men, including himself.

The confusion in the bonds does not appear material to the decision in this case. Indeed, the appellants do not rely upon any plea of non est factum. The point is argued for them that the original bond set up in the petition was without legal force and effect because it was not shown to have been approved by an order of the county board of education or the state board of education, and that it does appear that another bond, namely, the one bearing the signatures of the six men and date of September 15, 1930, was lodged in the office of the state superintendent of public instruction. So far as the liability of the appellants goes, we think the omission of the proof of a compliance with the terms of the statute relating to the formal approval by the two boards of education does not release them from their obligation. The custody of the bond by the school

board shows its delivery. The appellants were officers of the bank and it was to their interest that it should be named the depository. They bound themselves by a bond, clear and explicit in its terms, that the bank would perform its duties and account for and pay over the money deposited by the treasurer of the school board. If there had been no statute, the obligation would be binding as a common-law bond. The failure of an officer or board to approve or file an official bond will not affect its validity since the government or other official body is not responsible for the laches or wrongful act of its officers. Commonwealth v. Hinson, 143 Ky. 428, 136 S. W. 912, L. R. A. 1917B, 139, Ann. Cas. 1912D, 291; Miller v. Rockcastle County, 238 Ky. 290, 58 S. W. (2d) 598; Fidelity & Deposit Company of Maryland v. Commonwealth, 252 Ky. 476, 67 S. W. (2d) 719. More than this, the statutory provisions with reference to the approval of such bonds are for the protection of the public funds and not for the benefit of the sureties. It is upon the faith of their covenant that the funds are delivered to the bank. If the implications of the appellants be accepted, that the bond was for only $15,000 and signed by three others than themselves, they would be in no better position, for the terms of the two instruments are alike and the amount involved is within either stipulated penal sum. Their obligation, whichever it was, was ratified by their waiver and consent that the board should enter into the creditor's agreement with the Harlan National Bank. This was relied upon in the pleading.

We do not regard as meritorious appellants' claim that the action and judgment against them are premature for the reason that their liability does not and will not materialize until all the assets of the closed bank shall have been exhausted. The cases of Detroit Fidelity & Surety Company v. Gilliam, 237 Ky. 425, 34 S. W. (2d) 971, and Vansant's Executrix v. Gardner's Executrix, 240 Ky. 318, 42 S. W. (2d) 300, are relied upon. They are distinguishable. The one was a suit against sureties on a bond executed to secure the release of an attachment, and the other a suit for contribution against a cosurety on an officer's bond. Other cases cited are very distant from the point. There is a distinction between a conditional and an absolute guarantee. In the first, insolvency of the principal may be necessary before a guarantor becomes bound, while in the second,

the guarantor is bound immediately upon the failure of the principal to perform his contract. The terms of the bond in the suit here are that the bank would faithfully perform its obligations with the additional specific provision that the bank would pay the demands of the school board drawn upon its deposits. It was a guaranty. The surety's promise was a part of the contract of the bank, analogous to that of sureties on a promissory note. As to the obligees, all parties were at all times, severally and jointly, primarily liable for the breach of the covenant, and the cause of action arose against them when that covenant was broken. Pulaski Stave Company v. Miller's Creek Lumber Company, 138 Ky. 372, 373, 128 S. W. 96; McGowan v. Wells' Trustee, 184 Ky. 772, 213 S. W. 573; Singer Sewing Machine Company v. Combs, 227 Ky. 61, 11 S. W. (2d) 994, 995; Coons v. Bank of Commerce, 223 Ky. 457, 26 S. W. (2d) 15; Bank of Blaine v. Hanshaw, 255 Ky. 825, 75 S. W. (2d) 529; sections 26, 27, Civil Code of Practice.

The appellants have made the Harlan National Bank, as trustee for the Citizens National Bank, an appellee herein. But it is not here in its individual capacity. They submit that under the creditor's agreement all the public funds were to be excluded from any contract which should be entered into between the two banks, and if the Harlan National Bank did take over such funds, it was exceeding the authority granted by the board of education as a creditor. It is argued that the bank, both individually and as trustee, stepped into the shoes of the Citizens National Bank, and the payment of the board's deposits, as a public fund, should have been made prior to the distribution or payment to the other creditors. We have before us only the creditor's agreement which merely recites as the consideration the execution of other like agreement of "certain other creditors" of the bank "excluding public deposits and accounts for balances of $25.00 or less," and the acquisition by the Harlan National Bank of "certain assets" of the suspended bank and the assumption of "a certain portion of the liabilities of that bank." We do not have in the record the contract between the Citizens National Bank, or its receiver, and the Harlan National Bank. We have no information pertaining to this matter other than the recitation of the consideration for the creditor's agreement. We think it obvious that

the record is too tenuous for this court to reverse the judgment in this particular. It would be inappropriate to comment upon the appellants' rights as to contribution or subrogation.

Judgment affirmed.